## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES LUTCHER NEGLEY,<br>3905 Laguna Vista Cove<br>Austin, TX 78746<br><br>**Plaintiff,**<br>v.<br><br>THE UNITED STATES DEPARTMENT<br>OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Case No. _____ |

## COMPLAINT FOR RELIEF UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff James Lutcher Negley ("Negley") files this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. for injunctive and other appropriate relief, against the United States Department of Justice ("DOJ") and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action under FOIA seeking an Order of the Court requiring the DOJ to fully and properly respond to the request under FOIA for agency records made by Mr. Negley on April 7, 2014 and produce responsive documents which are being withheld.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3.     Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims at issue occurred in this District and Defendants resides in this district.

## PARTIES

4.      Plaintiff Mr. Negley is a resident of Austin, Texas, and the requestor of the withheld agency records.

5.      Defendant DOJ is an agency established in the Executive Branch of the United States government.  The DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTUAL ALLEGATIONS

### A.     Prior Related FOIA Litigation

6.      Mr. Negley previously pursued FOIA litigation against the Federal Bureau of Investigations ("FBI") in related litigation styled *Negley v. Federal Bureau of Investigation*, No. 03-cv-02126 (D.D.C) (Kessler) in this Court (the "FBI Litigation") .  That related complaint is attached as Exhibit A.

7.      The factual background of the two matters is nearly identical and is partially reproduced here.

8.      Mr. Negley's current FOIA request and litigation relates to documents that were produced in the FBI Litigation.

### B.     Background Regarding Mr. Negley's Previous FOIA Litigation

9.      On September 19, 1995, Mr. Negley was in Chico, California.  He went to the California State University library and asked for a copy of the Washington Post article re-printing the so-called Unabomber's Manifesto.  The library did not have a copy, so Mr. Negley left his contact information and requested that a copy be sent to him.  One of the library's employees became suspicious of Mr. Negley's behavior and alerted authorities.  In response to the alert, the FBI began an investigation of Mr. Negley as a possible Unabomber suspect.  Soon thereafter, however, the FBI ruled out Mr. Negley as a possible suspect.

- 2 -

10.     Beginning in 1999, Mr. Negley submitted a FOIA request to the FBI's San Francisco field office seeking a copy of any records about him maintained at or by the FBI in that office.  Thereafter, Mr. Negley became involved in litigation in the United States District Court for the Western District of Texas with the FBI regarding Mr. Negley's initial FOIA request to the FBI and several subsequent FOIA requests (Case Numbers 1:01-cv-00057 & 5:12-cv-00362).

11.     Thereafter, Mr. Negley also brought the FBI Litigation.

12.     In the FBI Litigation, Judge Kessler granted Mr. Negley partial summary judgment, holding that the FBI's pre-lawsuit search for responsive documents was inadequate and that document productions that the FBI had made to Mr. Negley up to that point were inadequate.  *See Negley v. FBI*, 658 F. Supp. 2d 50 (D.D.C. 2009).

**B.     Mr. Negley's April 2014 FOIA Request to the DOJ**

13.     One of the documents that the FBI did produce in response to Mr. Negley's FOIA requests was a facsimile cover sheet sent by Daniel M. Castillo, Assistant U.S. Attorney, to the Chief Division Counsel of the Sacramento Division of the FBI on January 22, 2002.  A copy of this facsimile cover sheet is attached hereto as Exhibit B.  The facsimile cover sheet indicated in the "Re" line that it was regarding the matter captioned "*John Lutcher Negley v. U.S. Dep't of Justice and F.B.I.*, No. A-01-CA-57-JN (W.D. Tex. – Austin Division)." *Id.*

14.     Towards the right margin of this document is a handwritten note that states:

**per 1**

**[Redacted]**

**1/7/02**

**case is still pending**

- 3 -

**500,000 pp. in file**

**42,000 misc**

**evidence**

15.     By letter dated April 7, 2014, Mr. Negley, through counsel Troutman Sanders, requested that the DOJ produce the contents of the file referenced in this document (the "April 2014 FOIA Request").  A copy of the April 2014 FOIA Request, without attachments, is attached as Exhibit C.

16.     Subsequently, John Carroll substituted for Troutman Sanders as counsel for Mr. Negley in connection with the April 2014 FOIA Request.

17.     On July 7, 2014, Susan B. Gerson, the Assistant Director of the Executive Office for United States Attorneys ("EOUSA"), acknowledged receipt of Mr. Negley's April 2014 FOIA Request on behalf of the DOJ's EOUSA.  A copy of the July 7, 2014 e-mail is attached as Exhibit D.

18.     On August 27, 2014, Mr. Carroll sent a letter to Ms. Gerson requesting information regarding the status of Mr. Negley's April 2014 FOIA Request.  A copy of Mr. Carroll's August 27, 2014 letter is attached as Exhibit E.

**D.     Mr. Negley's Appeal of the DOJ's Failure to Respond to his April 2014 FOIA Request**

19.     After not receiving a response to his correspondence or the April 2014 FOIA Request, on October 28, 2014, Mr. Carroll sent a letter to the Director of the Office of Information Policy of the DOJ, asserting an appeal of any final disposition of Mr. Negley's April 2014 FOIA Request.  A copy of Mr. Carroll's October 28, 2014 letter is attached as Exhibit F.

20.     After re-sending the appeal with the correct authorizations appended, on January 23, 2015 Mr. Carroll received acknowledgment from the DOJ of receipt of Mr. Negley's appeal. A copy of the DOJ's January 23, 2015 letter is attached as Exhibit G.

21.     By late April 2015, Mr. Negley had not received a response to his appeal.  As a result, Mr. Negley retained undersigned counsel.  On May 13, 2015, counsel for Mr. Negley sent the DOJ a letter explaining that they were replacing Mr. Carroll as counsel for Mr. Negley, requesting that all future correspondence be directed to them, and requesting an immediate, substantive response to Mr. Negley's appeal.  A copy of the May 13, 2015 letter is attached as Exhibit H.

22.     On May 21, 2015, John Carroll, former counsel for Mr. Negley, received a letter from the DOJ dated May 12, 2015.  This letter stated that Mr. Negley had attempted to appeal from the failure of EOUSA to respond to his April 2014 FOIA Request, but that EOUSA had responded by letter dated February 11, 2015 and, as a result of that response, Mr. Negley's appeal file was now being closed as moot.  A copy of the DOJ's May 21, 2015 letter is attached as Exhibit I.

23.     Appended to the May 21, 2015 letter was a February 11, 2015 letter from Susan B. Gerson, Assistant Director of EOUSA, which was addressed to Prashant Khetan at the Troutman Sanders office in Washington, D.C.  Mr. Khetan, however, had not been an attorney at Troutman Sanders since July 2014.  Mr. Khetan had been replaced as counsel for Mr. Negley by John Carroll in July 2014, when Mr. Carroll alerted the DOJ of this substitution.  Moreover, Mr. Carroll had also filed Mr. Negley's appeal and had received initial acknowledgement of the appeal from the FBI.  *See* Exhibits F & G.

- 5 -

24.     The February 11, 2015 letter from the DOJ stated that "[a] search of records located in the United States Attorney's Office(s) for the Western District of Texas has revealed no responsive records for documents referenced by handwritten notes on the fax sheet by USA Daniel Castillo." *See* Exhibit I.  This was the only explanation provided for the DOJ's failure to produce any documents to Mr. Negley.  *Id.*  The letter stated that this is the final action on Mr. Negley's April 2014 FOIA Request.  *Id.*

25.     On May 27, 2015, counsel for Mr. Negley sent a letter to the DOJ formally appealing the DOJ's determination.  A copy of the May 27, 2015 letter, without attachments, is attached as Exhibit J.

26.     Mr. Negley's May 27, 2015 letter explains that the DOJ's search was inadequate for at least two reasons:

> This search is inadequate for at least two reasons.  As an initial matter, the search limits the scope of the inquiry to the handwritten notes on the facsimile cover sheet, when Mr. Negley requested 'all the contents of the file' referenced in this document.  There is no Agency determination that such a file does not exist, or that the file is inaccessible.  As set forth on the facsimile cover sheet, there is clearly, a 'file.'  As such, this reply from the Agency is non-responsive. Additionally, the Agency limits its inquiry only to the Western District of Texas, when the totality of the 'Unabomber' investigation (the context in which Mr. Negley was investigated) as, you know, nationwide and beyond.  Indeed, it is inconceivable that any file relating to Mr. Negley would be limited to one geographic region.

*See* Exhibit J.

27.     To date, the DOJ has not responded to Mr. Negley's May 27, 2015 letter; nor has it produced a single responsive document.

## CLAIM UNDER FOIA

28.     Mr. Negley repeats and incorporates herein by reference paragraphs 1-27 of this Complaint as if fully set forth herein.

29.     The DOJ's response to Mr. Negley's April 2014 FOIA Request violated the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

30.     Mr. Negley has exhausted the applicable administrative remedies with respect to his April 2014 FOIA Request.

31.     The DOJ has failed to perform a reasonable search for responsive documents.

32.     Mr. Negley has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for the DOJ's failure to fully produce responsive documents and files which clearly exist.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.      Order the DOJ to conduct a reasonable search for agency records responsive to Mr. Negley's April 2014 FOIA Request within five business days of the date of the Court's Order in this matter;

B.      Order the DOJ to produce all responsive agency records within ten business days of the date of the Court's Order in this matter;

C.      Award Plaintiff his costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

D.      Grant such other relief as the Court may deem just and proper.

26211316v1

Respectfully Submitted,

Clarence Y. Lee (D.C. Bar # 494830)
Troutman Sanders LLP
401 Ninth Street, NW
Suite 1000
Washington, DC 20004
Tel.: (202) 662-2021
Fax: (202) 654-5826

Counsel for Plaintiff James Lutcher Negley

Date: June 25, 2015

26211316v1